People v Parker (2021 NY Slip Op 03672)





People v Parker


2021 NY Slip Op 03672


Decided on June 10, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 10, 2021

Before: Manzanet-Daniels, J.P., Gische, Oing, Shulman, JJ. 


Ind No. 413/18 Appeal No. 14041 Case No. 2019-2058 

[*1]The People of the State of New York, Respondent,
v
Sheldon Parker, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan Byrne of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Gliner of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered February 19, 2019, convicting defendant, after a jury trial, of criminal possession of stolen property in the fourth degree (four counts), criminal possession of stolen property in the fifth degree and petit larceny, and sentencing him, as a second felony offender, to an aggregate term of 1½ to 3 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, the evidence of defendant's guilt was overwhelming. After defendant was stopped for shoplifting, police recovered from him four credit cards and other property belonging to the victim, which had been stolen when her car was broken into approximately a day and a half earlier. Among other things, the jury could have readily applied the permissible statutory inferences that a person in possession of two or more stolen credit cards knows they were stolen (Penal Law § 165.55[3]), and that a person who knowingly possesses stolen property does so with the requisite intent (Penal Law § 165.55[1]). Likewise, the jury could have readily rejected the implausible defense that defendant found the cards and intended to return them to their owner.
The trial record included evidence that the victim's car had been broken into and her purse stolen the day before defendant was apprehended in possession of the complainant's credit cards. The court ruled before trial that the People were prohibited from arguing that defendant was the person who broke into the car, because defendant was charged only with possession of stolen property. The court thereafter providently exercised its discretion when it revised its ruling and allowed that argument after defense counsel opened the door by arguing in her opening statement that there was "nothing, no support whatsoever that [defendant] was involved with a car break-in," and extensively pursued that claim by way of cross-examination. The People's argument was then a fair response, rooted in defendant's recent, exclusive possession of the fruits of a crime (see generally People v Galbo, 218 NY 283, 290 [1916]). Furthermore, contrary to defendant's argument, the car break-in was not an uncharged crime implicating the Molineux doctrine, but evidence relevant to the charged crimes (see People v Frumusa, 29 NY3d 364, 370 [2017]). The court gave the jury an appropriate limiting instruction regarding the purpose of the evidence and expressly admonished them not to rely on it as propensity evidence. In any event, any error in this ruling was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
The court properly precluded defense counsel from asking a police officer whether a nontestifying detective showed defendant a photograph on his phone of a possible suspect in the car break-in and asked defendant if he recognized the person. The relevance of this testimony depended on factual assertions that the photograph showed [*2]a person who had been the area of the car break-in, and who was suspected of committing it. The record indicates that these two pieces of information were not within the firsthand knowledge of the testifying officer, but that their source was the nontestifying detective. Therefore, the solicited answer would have been hearsay (see People v Starostin, 265 AD2d 267, 267 [1st Dept 1999], lv denied 94 NY2d 885 [2000]). Accordingly, the court providently exercised its discretion in ruling that defendant was free to elicit the possibility of an alternative suspect, but only by calling the detective. In any event, any error in this regard was likewise harmless.
The court properly denied defendant's application pursuant to Batson v Kentucky (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual. "Step three of the Batson inquiry involves an evaluation of the prosecutor's credibility" (Snyder v Louisiana, 552 US 472, 477 [2008]), and the court's finding in this regard is entitled to great deference (see People v Hernandez, 75 NY2d 350 [1990], affd 500 US 352 [1991]). Although each of the two panelists at issue gave assurances of impartiality, a nonpretextual race-neutral explanation need not rise to the level of a challenge for cause (Batson, 476 US at 97), and the prosecutor could have found that these assurances were insufficient to alleviate her concerns about these panelists. The record also does not warrant a finding of disparate treatment by the prosecutor of similarly situated panelists.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2021